UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL D. HIXSON,

         Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

         Defendant.

CASE NO. C15-5688 BHS

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND RE-REFERRING FOR FURTHER CONSIDERATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 21), and Plaintiff Paul Hixon's ("Hixon") objections to the R&R (Dkt. 22).

On June 10, 2016, Judge Creatura recommended the Court affirm the Administrative Law Judge's ("ALJ") decision that Hixon is not entitled to disability benefits under Title II of the Social Security Act. Dkt. 21. Judge Creatura concluded that substantial evidence supported the ALJ's decision that Hixon's knee impairment arose in connection with a felony and therefore should be excluded from his Title II claim. *Id.* at

ORDER - 1

9. On June 23, 2016, Hixon filed objections. Dkt. 22. On July 5, 2016, the Commissioner responded. Dkt. 23.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Hixon asks the Court to decline to adopt the R&R because (1) the ALJ did not adequately explain his conclusion that the felony exclusion rule applied to Hixon's knee impairment, and (2) this conclusion is not supported by substantial evidence. Dkt. 22 at 1–2. In response, the Commissioner argues Hixon simply restates arguments from his opening brief that have already been addressed in the R&R. Dkt. 23 at 1.

Although Hixon repeats the two arguments he raised in his opening brief, the R&R did not address Hixon's first argument regarding the adequacy of the ALJ's explanation. *See generally* Dkt. 21. The Commissioner appears to imply this argument is not credible, *see* Dkt. 23 at 1, but the Court finds this argument warrants consideration. The ALJ determined Hixon's knee impairment became disabling on September 1, 2013, when he had surgery to remove painful hardware in his left knee. AR 19, 31, 940, 984. Hardware was placed in Hixon's knee after the original accident and after the felony accident. AR 531, 701. The Court therefore declines to adopt the R&R and re-refers this matter for consideration of whether the ALJ adequately explained his conclusion that the September 2013 surgery was ultimately the result of the felony injury rather than the original injury.

The resolution of this issue may also require further consideration of Hixon's argument that the ALJ's decision is not supported by substantial evidence.  The Court's review of the ALJ's decision is limited to the reasoning and findings articulated by the ALJ.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).  In his objections, Hixon contends Judge Creatura relied on findings the ALJ did not make in concluding that substantial evidence supports the ALJ's decision.  *See, e.g.*, Dkt. 22 at 6.  The Court, however, declines to consider this objection until both of the arguments raised in Hixon's opening brief have been sufficiently addressed.

Therefore, the Court having considered the R&R, Hixon's objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **DECLINED**; and

(2)     This matter is **RE-REFERRED** for further consideration.

Dated this 16th day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge